UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| JEFFREY SPESOCK, et al.,<br><br>Plaintiffs,<br>v.<br><br>U.S. BANK NA, et al.,<br><br>Defendants. | CASE NO. C18-0092JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant U.S. Bank NA, as successor trustee to Bank of America NA, as successor in interest to LaSalle Bank NA, as trustee for Washington Mutual Mortgage Pass-Through Certificate WMALT Series 2006-AR4's ("the Trust") notice of removal.[1] (Not. of Rem. (Dkt. # 1).) The court has reviewed the Trust's notice

//

---

[1] The Trust asserts that Plaintiffs erroneously named as defendants all previous successors or trustees that are listed in the Trust's full name. (Not. of Rem. at 1 n.1.) The Trust asserts that—as the holder of the note—it is the proper defendant. (*Id.*) The court need not rule on this issue for purposes of the present order to show cause.

ORDER - 1

and supporting documentation and concludes that the Trust has failed to establish that the court has subject matter jurisdiction over this action.

The Trust invokes the court's diversity jurisdiction. (*Id.* at 2.) A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For the court to exercise diversity jurisdiction, each defendant must be citizen of a different state from each plaintiff. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

In its notice of removal, the Trust fails to demonstrate complete diversity of jurisdiction between the parties. Plaintiffs allege that they are residents of Washington. (Compl. (Dkt. # 1-1) ¶ 1.1.) On this basis, the Trust asserts that Plaintiffs are citizens of Washington. (Not. of Rem. at 4); *Adams v. Matrixx Initiatives, Inc.*, No. CV-09-1529-PHX-FJM, 2009 WL 3131459, at *2 (D. Ariz. Sept. 25, 2009) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) and *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)) ("Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship."). The Trust also asserts that it, U.S. Bank NA, LaSalle Bank NA, and Bank of America NA are all citizens of Ohio.[2] (*See id.*) These alleged fact are good as far as they go, but they do not go far enough to establish complete diversity of citizenship between all Plaintiffs and Defendants in this action.

---

[2] For purposes of diversity jurisdiction, a trust has the citizenship of its trustee or trustees. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Specifically, the Trust does account for the citizenship of Defendant Residential Funding, LLC ("Residential Funding"). Plaintiffs do not allege Residential Funding's citizenship but simply state that it is "foreign limited liability company, [which] is currently listed as 'inactive' on the Secretary of State's website."[3] (Compl. ¶ 1.5.) In its notice of removal, the Trust states that its counsel spoke to a former attorney for Residential Funding, who stated that "Residential Funding is no longer in business," that it had "filed for Chapter 11 bankruptcy in New York," and that it "chose to liquidate rather than restructure."[4] (McEllrath Decl. ¶ 3.) The Trust implies that it can discount the citizenship of Residential Funding for purposes of determining diversity jurisdiction because Residential Funding is allegedly inactive and has apparently declared bankruptcy. (*See id.* Not. of Rem. at 5 (concluding that "[c]omplete diversity is present, as none of the defendants are citizens of the same state as the Plaintiffs").) The Trust cites no legal authority supporting this assumption.[5]

To the contrary, in *Stewart v. A.G. Edwards & Sons, Inc.*, the court found that complete diversity of citizenship did not exist because the bankruptcy petition at issue did

---

[3] A court assessing diversity jurisdiction in a proceeding involving a limited liability company must consider the citizenship of all members of the limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

[4] The Trust's counsel also attempted to contact Residential Funding's counsel in a bankruptcy case in the Southern District of New York, but has not received a response. (McEllrath Decl. (Dkt. # 2) ¶ 3.)

[5] The Trust also describes Residential Funding both as "served" and as "not yet . . . served." (Not of Rem. at 4.) In either event, the Supreme Court has held that the citizenship of all defendants—both served and unserved—determines whether complete diversity has been met. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

not operate as a dismissal of the non-diverse defendant but merely suspended the proceedings against that defendant. 74 B.R. 26, 27 (D.S.C. 1987). Thus, the court concluded that the diverse defendant's removal to federal court was improper. *Id.*; *see also Sutton Woodworking Mach. Co. v. Mereen-Johnson Mach. Co.*, 328 F. Supp. 2d 601, 605 (M.D.N.C. 2004) ("[Defendant's] Chapter 7 petition for bankruptcy, without more, does not create diversity of citizenship or otherwise permit removal on the basis of diversity of citizenship. The automatic stay triggered by [the defendant's] petition for bankruptcy is not tantamount to dismissal of [the defendant] from the case, and merely suspends the proceedings pending against [the defendant]."); *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977) ("[A] stay of a suit pending in another court against the bankrupt is not a dismissal of the suit nor does it deprive the court of jurisdiction over the matter; it merely suspends the proceedings."); *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2015 WL 4113113, at *3 (D. Nev. July 8, 2015) (considering the citizenship of an inactive limited liability company in determining that the citizenship of the parties was completely diverse).

The court is not assured that it has diversity jurisdiction over this action because the court cannot determine the citizenship of Residential Funding from the Trust's notice of removal. The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Diary Co.*, 592 F.2d 1062, 1062 (9th Cir. 1979). The Ninth Circuit "strictly construe[s] the removal statue against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong

presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

In sum, it appears to the court that subject matter jurisdiction may be lacking because the Trust has failed to demonstrate that complete diversity of citizenship exists between all Plaintiffs and Defendants in this action. Specifically, the Trust has failed to demonstrate the citizenship of Residential Funding or provided the court with any authority for discounting Residential Funding's citizenship. Accordingly, the court ORDERS the Trust to SHOW CAUSE why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. The Trust must file a response within seven (7) days of the date of this order. If the Trust fails to file a timely response that satisfies the court that it has subject matter jurisdiction, the court will dismiss this action without prejudice and without further notice to the Trust.

Dated this 13th day of February, 2018.

JAMES L. ROBART
United States District Judge