| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| JEFFREY SPESOCK, et al.,<br><br>      Plaintiffs,<br>  v.<br><br>U.S. BANK, NA, et al.,<br><br>      Defendants. | CASE NO. C18-0092JLR<br><br>SECOND ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant U.S. Bank NA, as successor trustee to Bank of America NA, as successor in interest to LaSalle Bank NA, as trustee for Washington Mutual Mortgage Pass-Through Certificate WMALT Series 2006-AR4's ("the Trust") timely response to the court's order to show cause regarding subject matter jurisdiction. (OSC Resp. (Dkt. # 10); *see also* OSC (Dkt. # 9).) The court has reviewed the Trust's response to the court's order to show cause and supporting documentation (*see* McEllrath Decl. (Dkt. # 11)) and concludes that the Trust has failed to establish that the court has subject matter jurisdiction over this action.

ORDER - 1

The Ninth Circuit "strictly constue[s] the removal statue against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

In its order to show cause, the court stated that it was uncertain that diversity jurisdiction existed because the court could not determine the citizenship of Defendant Residential Funding Company, LLC ("Residential Funding") from the Trust's notice of removal.[1] (OSC at 4-5.) Further, although the Trust implied that the court should discount the citizenship of Residential Funding because it is allegedly inactive and bankrupt, the Trust failed to provide the court with any legal authority for doing so. (*Id.* at 3, 5.) To the contrary, the court cited multiple authorities indicating that a court must

//

//

---

[1] The court specifically noted that to determine the citizenship of a limited liability company ("LLC") like Residential Funding, the court must consider the citizenship of all its members. (*See id.* at 3 n.3 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")).)

consider the citizenship of a bankrupt defendant when determining the existence of diversity jurisdiction. (*See id.* at 3-4 (citing cases).)

In response, the Trust did not provide the court with the citizenship of all of Residential Funding's members or provide the court with any legal authority to justify disregarding Residential Funding's citizenship. (*See generally* OSC Resp.) Instead, the Trust informed the court that, pursuant to Residential Funding's bankruptcy or liquidation plan, all of its assets were transferred to ResCap Liquidating Trust ("ResCap")—an entity which is not a party to this action. (*See* OSC Resp. at 2 (citing McEllrath Decl. Exs. B & C).) The Trust also averred that "ResCap succeeded to all of Residential Funding's rights and interests under Residential Funding's agreement with Plaintiffs" (*id.*) and described ResCap "as successor-in-interest to Residential Funding" (*id.* at 4). The Trust established the citizenship of ResCap's trustees (*id.* at 3) and argued that since "[a]ll of ResCap's trustees are diverse from Plaintiffs," "ResCap, as successor-in-interest to Residential Funding, is also diverse from Plaintiffs" (*id.* at 4). Thus, the Trust assumes that because ResCap is Residential Funding's successor-in-interest, the court should look to ResCap's citizenship and disregard Residential Funding's citizenship in analyzing diversity jurisdiction. (*See id.*) Once again, however, the Trust fails to provide the court with any legal authority to support this assumption. (*See generally id.*)

A similar issue arose in *Aaron v. SmithKline Beecham Corp.*, No. 09-cv1071-JPG, 2010 WL 1752546 (S.D. Ill Apr. 28, 2010), when the action was removed to federal court. In *Aaron*, a non-party, as successor-in-interest to one of the defendants, removed the action to federal court on grounds of diversity jurisdiction. *Id.* at *1. The defendant

was incorporated in and had its principal place of business in Pennsylvania. *Id.* at *3. The plaintiffs were also citizens of Pennsylvania, and so they argued that the case should be remanded. *See id.* The removing non-party argued that diversity of citizenship was complete because the defendant was dissolved and no longer existed and the removing non-party, as the defendant's successor-in-interest, was a citizen of Delaware. *Id.* The *Aaron* court construed the removing non-party's argument as a claim that the defendant had been fraudulently joined to defeat diversity. *Id.* Ultimately, the court ruled that because Pennsylvania law authorized suits by and against dissolved corporations for a period of time consistent with the filing of the plaintiffs' lawsuit, the defendant was "neither a nominal party . . . nor a fraudulently joined party." *Id.* at *5. As a result, the court remanded the case. *Id.* at *6. Thus, in *Aaron*, the mere fact that the removing non-party was the "successor-in-interest" to the defendant was not sufficient in itself to disregard the citizenship of the defendant for purposes of analyzing diversity jurisdiction. *See id.*

Based on the analysis in *Aaron*, this court similarly concludes that the mere fact that ResCap is a successor-in-interest to Residential Funding does not mean that the court may disregard Residential Funding's citizenship for purposes of its analysis of diversity jurisdiction. More is required to demonstrate that Residential Funding is a nominal party whose citizenship may be ignored.[2] Accordingly, the Trust's response to the court's order to show cause is insufficient to demonstrate the court's diversity jurisdiction.

---

[2] The *Aaron* case involved a corporation, whereas Residential Funding is an LLC. In its response to the court's order to show cause, the Trust avers that Residential Funding is a

Nevertheless, the court provides the Trust with one last opportunity to demonstrate that diversity jurisdiction exists and its removal of this action was proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). The Trust may satisfy the court's order to show cause in one of two ways. The Trust may provide sufficient factual and legal grounds for the court to conclude that it can disregard Residential Funding's citizenship for purposes of establishing diversity jurisdiction. Alternatively, the Trust may provide the court with information concerning Residential Funding's citizenship sufficient for the court to conclude that complete diversity of citizenship exists among the parties. *See Johnson*, 437 F.3d at 899 (setting forth the requirements for demonstrating the citizenship of an LLC for purposes of establishing diversity jurisdiction). Either showing would be sufficient for the court to conclude that it had subject matter jurisdiction over this action.

---

Delaware LLC with its principal place of business in Minneapolis, Minnesota. (OSC Resp. at 1.) Under Federal Rule of Civil Procedure 17(b)(3), however, the court looks to the law of the state in which the district court is located to determine the capacity of an LLC to sue and be sued. *See* Fed. R. Civ. P. 17(b)(3); *see also Vill. Pizzeria Enterprizes v. Cohen*, No. CV 08-7232-VBF(RCX), 2008 WL 11337729, at *2 (C.D. Cal. Dec. 11, 2008) ("Under FRCP 17(b)(3), therefore, an LLC's capacity to sue is determined 'by the law of the state where the court is located.'") (quoting Fed. R. Civ. P. 17(b)(3)). Under Washington law, "until the filing of a certificate of cancellation as provided in RCW 25.15.080 . . . , the persons winding up the [LLC's] affairs may, in the name of, and for the benefit of, the [LLC], . . . defend suits . . . ." RCW 25.15.295(2). The same is true under Delaware law, which states that "until the filing of a certificate of cancellation as provided in [6 Del. C.] § 18-203 . . . , the persons winding up the [LLC's] affairs may . . . defend suits . . . ." 6 Del. C. § 18-803(b). At this point, there is no evidence before the court that a certificate of cancellation is on file for Residential Funding. (*See generally* Dkt.)

The Trust must respond to this order to show cause within seven (7) days of the date of this order. If the Trust fails to timely respond or once again fails to provide sufficient information for the court to conclude that it has subject matter jurisdiction over this action, the court will remand the action to state court. The court will not provide the Trust with any additional opportunities to demonstrate subject matter jurisdiction. Plaintiffs may, but are not required to, respond to this order to show cause within the same timeframe.

Dated this 23rd day of February, 2018.

JAMES L. ROBART
United States District Judge