UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY SPESOCK, et al.,<br><br>Plaintiffs,<br>v.<br><br>U.S. BANK, NA,<br><br>Defendant. | CASE NO. C18-0092JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Jeffrey Spesock and Janet Spesock's ("the Spesocks") response to the court's October 16, 2018, order to show cause. (*See* OSC Resp. (Dkt. # 33); *see also* OSC (Dkt. # 30).) For the reasons stated below, the court concludes that the Spesocks have not adequately responded to the court's order to show cause and, therefore, the court dismisses their complaint against Defendant Residential Funding Company, LLC, ("RFC") without prejudice.

//

## II. BACKGROUND

On December 6, 2017, the Spesocks filed a complaint in state court asserting a claim for quiet title of the real property commonly known as 1301 Mukilteo Lane, Mukilteo, Washington 98275 ("the Property"). (*See generally* Compl. (Dkt. # 1-1).) On January 22, 2018, Defendant U.S. Bank N.A., successor trustee to Bank of America, N.A. successor in interest to LaSalle Bank, N.A. as trustee for Washington Mutual Mortgage Pass-Through Certificate WMALT Series 2006-AR4 Trust's (collectively, "the Trust") removed the action to federal court. (Not. of Removal (Dkt. # 1).)

On September 26, 2018, the court granted the Trust's motion for summary judgment and dismissed the Spesocks' claim for quiet title against the Trust with prejudice. (*See generally* SJ Order (Dkt. # 29).) In its order, the court concluded that the statutory period on the Spesocks' Deed of Trust had not run prior to the Spesocks' filing of the present complaint. (*See id.* at 7-18.) In addition, the court concluded that because the Trust holds the Spesocks' endorsed-in-blank note, the Trust also holds the deed of trust that secures the note as a matter of law and, therefore, is entitled to enforce the deed of trust against the Property in a non-judicial foreclosure proceeding. (*See id.* at 18-20.)

On October 16, 2018, the court ordered the Spesocks to show cause on two issues: (1) why the court should not dismiss their claim against RFC with prejudice on the same grounds that the court granted summary judgment to the Trust, and (2) why the court should not dismiss their claim against RFC for failure to prosecute. (OSC at 2.) The Spesocks timely filed a response on October 31, 2018, to the court's order to show cause.

//

(*See* OSC Resp.) The court now considers the adequacy of the Spesocks' response to both issues in the court's order to show cause.

## III. ANALYSIS

### A. Should the Court Dismiss the Spesocks' Claim against RFC on the Same Grounds as in the Court's Summary Judgment Order?

The first issue that the court ordered the Spesocks to respond to was "why the court should not dismiss their claim against [RFC] . . . on the same grounds that the court granted summary judgment to the Trust." (OSC at 2.) Without citation to case authority or the record, the Spesocks responded in total as follows:

> [RFC] does not have the same defenses to quiet title that [the Trust] raised. RFC never sought to foreclose on its deed of trust and therefore would never have stayed the tolling of the statute of limitations. Therefore, the matter should not be dismissed with prejudice.

(OSC Resp. at 2.)

This response does not explain why, in light of the court's rulings that the Trust is entitled to enforce the deed of trust and that the statute of limitations had not yet run, the Spesocks have any claim for quiet title remaining against any defendant, including RFC. The Deed of Trust Act ("DTA"), RCW ch. 61.24, sets out the procedures that must be followed to properly foreclose a debt secured by a deed of trust. "A proper foreclosure action extinguishes the debt and transfers title to the property to the beneficiary of the deed of trust or to the successful bidder at a public foreclosure sale." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 239 P.3d 1148, 1152 (Wash. Ct. App. 2010), *aff'd*, 276 P.3d 1277 (Wash. 2012). The court has ruled that the Trust holds the endorsed-in-blank note and that the Trust is, therefore, also the holder of the deed of trust that secures the note by

operation of law. (SJ Order at 18-19.) The Trust, therefore, has the authority to proceed with a non-judicial foreclosure proceeding against the Property. The Spesocks' response to the court's order to show cause is, therefore, inadequate because it does not explain how a claim for quiet title to the Property survives against any defendant in light of these rulings. Because the Spesocks failed to adequately respond to the court's order to show cause, the court dismisses their claim against RFC. (*See* OSC at 2-3 ("If the Spesocks fail to . . . adequately respond to this order, the court will dismiss their complaint against [RFC] with prejudice.").)

**B. Should the Court Dismiss the Spesocks' Claim against RFC for Failure to Prosecute?**

In addition, the Spesocks' response to the second issue—why the court should not dismiss their claim against RFC for failure to prosecute—is also inadequate. The Spesocks responded to the second isuse in the court's order to show cause in total as follows:

> The plaintiffs had not pursued a default judgment against [RFC] because that relief was unnecessary if they did not prevail against [the Trust]. However, the plaintiffs now believe that there would be benefit to removing that lien even if they do not prevail against [the Trust].
>
> **********
>
> Valid service having been made on [RFC], it having failed to appear and/or answer[,] the Plaintiff's should be allowed time to file a motion for default, default order, and judgment.

(OSC Resp. at 1-2.)

The first sentence of the Spesocks' response, in which they acknowledge that they did not believe that a default judgment against RFC would be warranted if they did not

prevail against the Trust, supports the court's conclusion that its entry of summary judgment against the Trust moots the Spesocks' quiet title claim against RFC. The remainder of the Spesocks' response, in which they say that they now believe there is benefit in pursuing such a default judgment and should be provided time to do so, does not adequately explain why they did not pursue a default and default judgment against RFC earlier.

The Spesocks have a general duty to prosecute their claim. *See Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). The Spesocks' failure to file a motion for default and a motion for default judgment against RFC and to adequately respond to the court's order to show cause explaining their failure to pursue their claim constitutes a failure to prosecute. *See Lynch v. Van Lines Relocation Servs. Inc.*, No. CV-17-02285-PHX-ESW, 2018 WL 1109555, at *1 (D. Ariz. Mar. 1, 2018), *report and recommendation adopted*, No. CV172285PHXSMMESW, 2018 WL 1729346 (D. Ariz. Apr. 10, 2018).

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Company*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the court may dismiss a pleading for

failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633. Here, the court provided the Spesocks with an opportunity to explain their failure to prosecute. (*See* OSC at 2.) As described above, although the Spesocks filed a response to the court's order, they failed to adequately explain their failure.

Nevertheless, in determining whether the Spescocks' failure to prosecute their quiet title claim against RFC warrants dismissal, the court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor generally cuts against a default or dismissal sanction. *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). Thus, the key factors for the court to consider are generally prejudice and availability of lesser sanctions. *Id.* Here, the first two factors favor the imposition of sanctions—as is nearly always the case—and the court need not discuss them further. As discussed below, the third factor—prejudice—favors dismissal. Although the fourth factor—the public policy favoring disposition on the merits—generally cuts against dismissal—here, as discussed below, it is neutral. Finally, the court also considers the availability of a less drastic sanction and concludes that dismissal without prejudice is warranted here.

The third factor—the risk of prejudice to the defendant—favors dismissal in this case. If permitted to move forward with their claim, the Spesocks have stated their

intention to file motions for default and default judgment against RFC. (*See* OSC Resp. at 2.)  Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. *See* Fed. R. Civ. P. 55(b)(2).  "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon entry of default, the court must take the well-pleaded factual allegations of a complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  "However, . . . claims which are legally insufficient, are not established by default." *Id*.  Here, the Spesocks allege "[o]n information and belief," that RFC is the current beneficiary to a second deed of trust on the Property. (Compl. ¶ 2.6.)  The Spesocks allege that they are entitled to quiet title against RFC's deed of trust because the statute of limitations has expired on the note secured by RFC's deed of trust. (*See id.* ¶¶ 2.7-2.12.)  The court, however, has already ruled that the Trust has the right to enforce its deed of trust against the Property and that the statute of limitations has not expired on that action. (*See generally* SJ Order.)  As discussed above, a proper foreclosure action results in the transfer of title to the property to the beneficiary of the deed of trust or to the successful bidder at a public foreclosure sale. *See Albice*, 239 P.3d at 1152.  The Spesocks failed to adequately explain in response to the court's order to show cause why, in light of the court's prior ruling, they retain any claim against RFC for quiet title in the Property. (*See* OSC Resp.)  Thus, the risk of prejudice to RFC if this matter moves forward in the posture of a motion for default judgment, weighs in favor of dismissal.

//

The fourth factor—the policy favoring disposition of cases on their merits—is neutral. There is virtually no chance that the Spesocks' claim against RFC will be decided on the merits. The Spesocks admit that RFC "is currently listed as 'inactive' on the Secretary of State's website." (Compl. ¶ 1.5.) Further, they have stated their intention to file motions for default and default judgment against RFC. (OSC Resp. at 2.) Thus, it is highly unlikely that the Spesocks' claim, even if the court were to permit it to move forward, would be decided on the merits. Accordingly, the court concludes that the fourth factor is neutral.

The fifth factor requires the court to consider whether a less drastic alternative is available. The court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). In this case, the court finds that the less drastic sanction of dismissal without prejudice is available. Accordingly, the court dismisses the Spesocks' claim for quiet title against RFC without prejudice pursuant to Rule 41(b).

Based on the foregoing analysis, the court concludes that the Spesocks failed to adequately respond to the court's order to show cause why the court should not dismiss their claim against RFC for failure to prosecute. The court also concludes that three of the factors the court must consider in determining whether to dismiss the Spesocks' claim for failure to prosecute weigh in favor of dismissal, one factor is neutral, and the last factor weighs in favor of imposing the less drastic alternative of dismissal without prejudice.

## IV. CONCLUSION

The court concludes that the Spesocks failed to adequately respond to the court's order to show cause (*see* OSC; OSC Resp.), and for the reasons stated above, the court DISMISSES the Spesocks' complaint against RFC without prejudice.

Dated this 7th day of November, 2018.

JAMES L. ROBART
United States District Judge